ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 0 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELDRIDGE CLARK DUNHAM, 00880027, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-2472-D |
| | ) | |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

### II. Background

On June 23, 1999, Petitioner was convicted of aggravated sexual assault, enhanced, and was sentenced to fifty years in prison. *State of Texas v. Eldridge Clark Dunham*, No. F98-01575-UN (195th Dist. Ct., Dallas County, Tex., June 23, 1999). On August 23, 2000, Petitioner's conviction and sentence were affirmed on direct appeal. *Dunham v. State*, No. 05-99-91281-CR (Tex. App. – Dallas, pet. ref'd). On January 17, 2001, the Texas Court of Criminal Appeals

denied Petitioner's petition for discretionary review. PDR No. 1743-00.

On March 22, 2002, Petitioner filed a state habeas petition. *Ex parte Dunham*, No. 53,086-01. On December 11, 2002, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On October 24, 2003, Petitioner filed a motion for DNA testing. On July 25, 2005, the trial court denied the motion and June 26, 2006, the Fifth District Court of Appeals affirmed. On December 7, 2009, Petitioner filed a second motion for DNA testing. On March 26, 2010, the trial court again denied the motion and on May 31, 2011, the Fifth District Court of Appeals affirmed. On November 23, 2011, the Court of Criminal Appeals denied the petition for discretionary review. PDR No. 0893-11.

On July 16, 2012, Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues the state denied him procedural due process by denying his motion for DNA testing.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. 28 U.S.C. § 2244(d)(1).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

In this case, Petitioner argues his trial counsel failed to tell him that any DNA evidence was available for testing. For the purposes of this petition, the Court will therefore apply § 2244(d)(1)(D), and find that the statute of limitations began to run on the date Petitioner became aware of the factual predicate of his claim. Although Petitioner does not state the date he learned that DNA material was available, he did file a state motion for DNA testing on October 24, 2003. The Court finds that October 24, 2003, was the latest possible date that Petitioner became aware of his claim. Petitioner then had one year, or until October 24, 2004, to file his federal § 2254 petition.

The filing of a motion for DNA testing pursuant to Texas Code of Criminal Procedure article 64.01 tolls the statute of limitations. *See Hudson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007). Petitioner's motion for DNA testing therefore tolled the limitations period until June 26, 2006, when the Fifth District Court of Appeals affirmed the trial court's denial of Petitioner's motion. Petitioner then had one year, or until June 26, 2007, to file his § 2254 petition. Petitioner

---

seeking direct review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-

did not file his § 2254 petition until July 16, 2012. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this ___ day of _____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).